By the Court (Allen, J.).
 

 This case presents in
 
 *95
 
 the main a question of fact. The Public Utilities Commission did not err in finding that the line in so far as it extends from Port Clinton to the Erie Proving Grounds has been and now is and hereafter must be defined and recognized as an electric transmission circuit, comprising a part of the transmission and of the distribution system of the Ohio Public Service Company. In fact, in the agreement made between the Ohio Public Service Company and the United States government for supplying electric current, dated May 27, 1926, the Ohio Public Service Company itself no less than three times called this line a transmission line.
 

 Moreover, under the rural service schedule, the schedule upon which the Ohio Public Service Company relies, it is not obligated to make any refund of the charge that it contends for to existing customers, as that schedule contains a specific provision that, “after the expiration of five years from.the date each extension is first put in service, the company may connect additional customers upon the payment of general and/or local equipment charges, and shall not be obligated to make any refund to existing customers under such conditions.”
 

 It is more than five years from the date that the extension was first put into service.
 

 We deem it unnecessary to make a detailed statement of the case, further than to say that, under the peculiar facts of this record, if the charge contended for were imposed upon the complainant, the Ohio Public Service Company would be receiving an unearned profit.
 

 Order affirmed.
 

 Marshall, C. J., Matthias, Day, Kinkade and Stephenson, JJ., concur.